UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

Southern Division

| | |
|---|---|
| FIVE POINTS HEALTHCARE OF NC, LLC d/b/a NATIVE ANGELS HOME HEALTH AGENCY, INC., <br><br> Plaintiff, <br><br> v. <br><br> XAVIER BECERRA, Secretary of the Department of Health and Human Services, and CHIQUITA BROOKS-LASURE, Administrator for the Centers for Medicare and Medicaid Services, <br><br> Defendants. | Civil Action No.: <br><br><br><br> **COMPLAINT** |

## **COMPLAINT**

Plaintiff, Five Points Healthcare of NC, LLC d/b/a Native Angels Home Health Agency, Inc. ("Native Angels" or "Plaintiff") brings this Complaint against the above-named Xavier Becerra, Secretary of the Department of Health and Human Services ("HHS") and Chiquita Brooks-LaSure, Administrator for the Centers for Medicare and Medicaid Services ("CMS") (collectively "Defendants"), in their official capacity and state as follows, and in support thereof states the following:

## **INTRODUCTION**

1. This is a civil action by Plaintiff to recover Medicare payments improperly recouped by Defendants in violation of Plaintiff's due process rights.

1

2. Defendants' recoupment of the amounts at issue without providing Native Angels the opportunity to be heard by an ALJ, as required by applicable law and the United States Constitution violates Plaintiff's due process rights.

3. Health care providers, including home health agencies such as Native Angels, furnish services to Medicare beneficiaries, following which they submit claims to HHS, which processes them through the Centers for Medicare and Medicaid Services ("CMS") and its contractors. The Medicare Modernization Act of 2003 ("MMA") authorized CMS to conduct post-payment reviews of those claims through the use of contractors.

4. Under the MMA, providers such as Native Angels have the right to contest the post-payment denials through an appeals process within HHS, with the last level consisting of judicial review.

5. As a result of increasing audit activity by HHS contractors, providers have experienced extraordinary delays in the appeals process, particularly at the ALJ level, which has effectively barred providers from challenging payment denials in a timely and efficient manner.

6. Not only has the extraordinary delay stymied timely appeals, it also violates the statute, which requires the ALJ to hold a hearing within 90 days of an appeal being filed. Instead, providers such as Native Angels often wait up to 5 years to have their claims heard by an ALJ. In many instances, the ALJ will deny the provider a hearing based on a technicality or uphold the prior ruling without a hearing, which further deprives the provider of its due process rights.

7. Native Angels should be afforded a substantive hearing on its claims, whether it be directly by this Court or, alternatively, by the ALJ upon direct order of this Court.

**JURSIDICTION AND VENUE**

8. This Court has jurisdiction over the subject matter of this civil action pursuant to 42 U.S.C. § 405, 42 U.S.C. §1395ff(b)(1)(A). Native Angels is also entitled to judicial relief pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 705.

9. Plaintiff seeks a judicial review of the actions of adverse decisions by the Medicare Appeals Counsel ("MAC"), and a decision or, in the alternative, a remand to the MAC for a review of its claims on the merits, an award of attorneys' fees, and any other legal relief this Court deems just.

10. This Court has jurisdiction over the Defendant.

11. At all times relevant to this Complaint, Plaintiff has provided covered medical services to patients in Pembroke, North Carolina.

12. Venue is proper in the Eastern District of North Carolina, Southern Division pursuant to 42 C.F.R. § 405.1136(b).

## THE PARTIES

**A.    Plaintiff**

13. Plaintiff, Five Points Healthcare of NC, LLC d/b/a Native Angels Homecare Agency, Inc. is a Medicare-certified home health agency located in Pembroke, North Carolina that provides skilled nursing care, restorative therapy, and medical social services to patients located in the State of North Carolina with its principal place of business in Pembroke, North Carolina, which is located in Robeson County.

**B.    Defendants**

14. Secretary Becerra is the Secretary of the Department of Health and Human Services and the proper defendant pursuant to 42 C.F.R. § 405.1136(d).

15. Administrator Brooks La-Sure is the Administrator of the Centers for Medicare and Medicaid Services and the proper defendant pursuant to 42 C.F.R. § 405.1136(d).

16. The amount in controversy is more than $1,760.00, not counting interests and costs of courts because Plaintiff is seeking Medicare reimbursement for services rendered.

## BACKGROUND FACTS

17. This action is an appeal of two decisions by the Medicare Appeal Council:

> Docket Number: M-20-2956
> ALJ Appeal Number: 3-34-18043294
> Dated: March 21, 2022

> Docket Number: M-21-230
> ALJ Appeal Number: 3-3416842011
> Dated: March 17, 2022

**MAC Docket Number M-20-2956/ALJ Appeal Number 3-3418043294**

18. The Medicare recipient at issue in this appeal received medically necessary, home health care services from Native Angels from August 26, 2014, to October 24, 2014, in the amount of $1,085.01.

19. On November 12, 2014, Plaintiff received the initial additional documents request ("ADR") from ZPIC.

20. On November 14, 2014, Plaintiff mailed to ZPIC AdvanceMed ("ZPIC") the requested records.

21. The ADR was due by December 5, 2014, and Plaintiff submitted the documents to the ZPIC well in advance of the deadline.

22. ZPIC delayed in sending the information and supporting records to Palmetto GBA, LLC ("Palmetto") due to no fault of Plaintiff.

4

23. Shelly Williamson, employee of the ZPIC, stated on three occasions that he acknowledged the timely receipt of the requested supporting records and stated that the records had been sent to Palmetto.

24. On January 13, 2015, Plaintiff received a denial of the claim from Palmetto.

25. On May 22, 2015, Palmetto, CMS's Part B Medicare Administrative Contractor for North Carolina, denied Plaintiff's appeal by Redetermination Notice of Dismissal based on the records being submitted late, which was due to the ZPIC, not Plaintiff.

26. On July 2, 2015, Plaintiff received Palmetto's denial of the request to vacate the dismissal.

27. On July 28, 2015, Plaintiff submitted its request for reconsideration for good faith reconsideration of this claim. Plaintiff's request for reconsideration was based on the fact that ZPIC did not timely submit information and medical records to Palmetto, thereby causing the initial denial of Plaintiff's claim on May 22, 2015.

28. On July 31, 2015, Palmetto received Plaintiff's request for reconsideration.

29. On September 16, 2015, Palmetto denied Plaintiff's request for reconsideration of its notice of dismissal on the basis that it was received more than 60 days after the Plaintiff's receipt of Palmetto's notice of dismissal.

30. On January 4, 2016, Plaintiff filed a valid request for ALJ review of the dismissal.

31. On May 14, 2020, the ALJ, after a more than 4-year delay, issued a dismissal order of Plaintiff's request for reconsideration without conducting a substantive hearing on the merits of the action.

32. On May 29, 2020, Plaintiff submitted to the Medicare Appeals Council, a Request for Review of Administrative Law Judge (ALJ) Medicare Decision/Dismissal.

33. On March 21, 2022, the Medicare Appeals Council, by Chair, Departmental Appeals Board, Constance B. Tobias, issued an "Order of Medicare Appeals Counsel Dismissing Request for Review" (March 21, 2022, Order, attached as Exhibit 1). The March 21st Order dismissed the Appellant Native Angels request for review on the basis that it was unable to review the ALJ's action in this case, citing to 42 C.F.R. § 405.1102(c).

**MAC Docket Number – M-21-230/ALG Appeal Number 3-3416842011**

34. The patient at issue in this appeal received home health care services from Native Angels from October 7, 2014, to December 5, 2014, in the amount of $2,606.29.

35. On December 12, 2014, Plaintiff received the initial ADR from ZPIC.

36. On December 12, 2014, the same day as the request, Plaintiff mailed to ZPIC AdvanceMed ("ZPIC") the requested records.

37. The ZPIC delayed in sending the information and supporting records to Palmetto due to no fault of Plaintiff.

38. Shelly Williamson of ZPIC stated on three occasions that acknowledged the timely receipt of the requested supporting records and stated that the records had been sent to Palmetto.

39. On May 22, 2015, Palmetto, CMS's Part B Medicare Administrative Contractor for North Carolina, reviewed and then denied Plaintiff's appeal by Redetermination Notice of Dismissal

40. On July 2, 2015, Plaintiff received Palmetto's denied of the request to vacate the dismissal.

41. On July 29, 2015, Plaintiff submitted its request for reconsideration for good faith reconsideration of this claim. Plaintiff's request for reconsideration was based on the fact that

6

ZPIC did not timely submit information and medical records to Palmetto, thereby causing the initial denial of Plaintiff's claim on May 22, 2015.

42. On July 31, 2015, Palmetto received Plaintiff's request for reconsideration.

43. On September 17, 2015, Palmetto denied Plaintiff's request for reconsideration of its notice of dismissal on the basis that it was received more than 60 days after the Plaintiff's receipt of Palmetto's notice of dismissal.

44. On May 20, 2016, Maximus QIC sent Plaintiff a letter that it not issued a decision on Plaintiff's appeal within the required 60 day time period.

45. On June 23, 2016, Plaintiff filed a valid request for hearing on the merits by the ALJ.

46. On September 16, 2020, 2020, the ALJ, after a more than 4-year delay, issued a dismissal order of Plaintiff's request for reconsideration without conducting a substantive hearing on the merits of the action.

47. On October 21, 2020, Plaintiff submitted to the Medicare Appeals Council, a Request for Review of Administrative Law Judge (ALJ) Medicare Decision/Dismissal.

48. On March 17, 2022, the Medicare Appeals Council, by Administrative Appeals Judge Jordy Hirschfeld, issued an "Order of Medicare Appeals Counsel Dismissing Request for Review" (March 17, 2022, Order, attached as Exhibit 2). The March 17th Order dismissed the Appellant Native Angels request for review on the basis that it was unable to review the ALJ's action in this case, citing to 42 C.F.R. § 405.1102(c).

## CLAIMS FOR RELIEF

## COUNT I – PROCEDURAL DUE PROCESS

49. The allegations contained in Paragraphs 1 - 48 of the Complaint are incorporated

by reference as if fully set out herein.

50. The procedures utilized by Defendants to recoup alleged overpayments from Native Angels are constitutionally deficient as they force Native Angels to make repayments without even providing for a hearing on the merits of its claim.

51. To satisfy the requirements of due process, the Defendants are statutorily required to provide a home health agency such as Native Angels with an administrative hearing and an opportunity to challenge the alleged overpayment determinations before a fair and impartial decision maker prior to imposing the recoupment of funds.

52. Defendants have threatened to deprive Native Angels of its property interests in or associated with its Medicare payments and home health business without due process of law, in violation of the Fifth Amendment of the United States Constitution and other applicable law.

53. Plaintiff suffered damages as a direct result of Defendant's actions.

54. Defendants' failure to provide the ALJ hearing deprives Plaintiff of due process rights under 42 C.F.R. § 405.1000 including the rights to :

    a. Submit evidence;

    b. Examine the evidence used in making the determinations under review;

    c. Present and question witnesses; and

    d. Supplement the administrative record with the ALJ hearing record.

### COUNT II – ULTRA VIRES

55. The allegations contained in Paragraphs 1 through 48 of the Complaint are incorporated by reference as if fully set out herein.

56. Defendants are required to provide Native Angels with an ALJ hearing and decision within 90 days of its request. 42 U.S.C. § 1395ff(d)(1)(A); 45 C.F.R. § 405.1016(a).

57. Defendants have engaged in recoupment against Plaintiff while ignoring their statutory obligations, event though they did not provide an ALJ hearing within the statutorily required time period.

58. The Court should enjoin Defendants from engaging in such *ultra vires* actions against Native Angels, which actions are contrary to the limitations on the Defendants' authority as set forth in Title XVIII of the Social Security Act.

59. Plaintiff suffered damages as a direct result of Defendant's unlawful actions.

## COUNT III – PRESERVATION OF STATUS OF RIGHTS UNDER SECTION 704 OF THE APA

60. The allegations contained in paragraphs 1 through 48 of the Complaint are incorporated by reference as if fully set out herein.

61. In relevant part, the Administrative Procedure Act provides that "[o]n such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court, including the court to which a case may be taken on appeal from or on application for certiorari or other writ to a reviewing court, may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings." 5 U.S.C. § 705.

62. This Court is a "reviewing court" and a "court to which a case may be taken on appeal." 42 U.S.C. §§ 405(g), 1395ii.

63. Plaintiff suffered damages as a direct result of Defendant's actions.

## RELIEF REQUESTED

WHEREFORE, the Plaintiff respectfully request that this Court do the following:

1. Accept jurisdiction of this cause and set it for hearing on the merits;

2. Award Plaintiff damages in the amount of at least $3,691.30;

3. Alternatively, remand this matter to the Medicare Review Council for review on the merits;

4. Grant Plaintiff costs as allowable by 28 U.S.C. § 1920, and attorneys' fees as allowable by statute, if any, including for example, the Equal Access to Justice Act, 28 U.S.C. § 2412 (d)(1)(A) based upon a finding that the Defendants' position is not substantially justified; and

5. Grant such further relief as the Court deems just and proper.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

[Remainder of Page Intentionally Blank]

Respectfully submitted May 23, 2022.

                    PRACTUS, LLP

                    <u>s/Knicole C. Emanuel</u>
                    Knicole C. Emanuel
                    N.C. Bar No.: 37795
                    350 E. Six Forks Rd.
                    Box 31345
                    Raleigh, NC 27622
                    Telephone: (919) 219-9319
                    Email: knicole.emanuel@practus.com
                    *Attorney for Petitioner*