IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CV-81-D

| | | |
|---|---|---|
| FIVE POINTS HEALTHCARE OF NC, LLC, d/b/a NATIVE ANGELS HOME HEALTH AGENCY, INC., | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| XAVIER BECERRA, Secretary of the Department of Health and Human Services, and CHIQUITA BROOKS-LASURE, Administrator for the Centers for Medicare and Medicaid Services, | ) ) ) ) ) ) | |
| Defendants. | ) | |

On May 23, 2022, Five Points Healthcare of NC, LLC, d/b/a Native Angels Homecare Agency, Inc., ("Five Points" or "plaintiff") filed this action against Secretary of the Department of Health and Human Services, Xavier Becerra, and Administrator for the Centers for Medicare and Medicaid Services, Chiquita Brooks-Lasure, (collectively, "defendants") alleging violations of procedural due process, ultra vires actions, and violations of the Administrative Procedure Act ("APA"). See Compl. [D.E. 1] ¶¶ 49–63. On October 11, 2022, defendants moved to dismiss for lack of subject-matter jurisdiction [D.E. 22] and filed a memorandum in support [D.E. 23]. See Fed. R. Civ. P. 12(b)(1). On October 20, 2022, Five Points responded in opposition [D.E. 24]. Defendants did not reply. As explained below the court grants defendants' motion to dismiss and dismisses the action without prejudice for lack of subject-matter jurisdiction.

## I.

Five Points is a medicare-certified home health agency specializing in nursing care, restorative therapy, and medical social services. See Compl. ¶ 13. Five Points describes its complaint as an "appeal" from two March 2022 decisions of the Medicare Appeal Council ("MAC"). In those decisions, the MAC denied review of a denial of Five Points's request for reconsideration. Id. at ¶ 17. According to Five Points, those adverse decisions by the MAC allegedly cost Five Points $3,691.00, not including interest. Id. at ¶¶ 18, 34.

Five Points alleges that during a Medicare audit (docket number M-20-2956), an unidentified entity called "ZPIC," apparently a Medicare contractor, failed to submit Five Points's appeal documents to Palmetto GBA ("Palmetto"), another Medicare contractor, before an appeal deadline. See id. at ¶¶ 19–22. Despite an employee of ZPIC allegedly informing Five Points that ZPIC timely submitted the necessary documents to Palmetto, Palmetto denied Five Points's claim due to the late submission of the documents. See id. at ¶¶ 23–25. On July 28, 2015, Five Points asked Palmetto to reconsider the denial due to the alleged actions of ZPIC. See id. at ¶ 27. Palmetto denied Five Points's request because Five Points had waited more than 60 days to request reconsideration of the claims denial. See id. at ¶ 29.

On January 4, 2016, Five Points appealed to an Administrative Law Judge ("ALJ") to review Palmetto's denial of reconsideration. See id. at ¶ 30. On May 14, 2020, an ALJ dismissed Five Points's appeal. See id. at ¶ 31. On May 29, 2020, Five Points appealed this dismissal to the MAC. See id. at ¶ 32. On March 21, 2022, the MAC dismissed Five Points's appeal, explaining that the MAC could not review the ALJ's decision. See id. at ¶ 33. The appeal process for the second audit (docket number M-21-230) generally followed the same process as the first audit and resulted in the MAC dismissing the appeal of the ALJ's dismissal. See id. at ¶ 48.

2

II.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a court's authority to hear the dispute. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998); Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012); Friends of Lubavitch v. Balt. Cty., 421 F. Supp. 3d 146, 160 (D. Md. 2019). Plaintiff bears the burden of establishing subject-matter jurisdiction. Steel Co., 523 U.S. at 104; Demetres v. E. W. Const., Inc., 776 F.3d 271, 272 (4th Cir. 2015); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See, e.g., Evans, 166 F.3d at 647.

Defendants argue that plaintiffs are attempting to improperly use this court to obtain review of an adverse Medicare determination. See 42 U.S.C. § 405(h). Section 405(h) provides:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Id. Under 42 U.S.C. § 405(h), a court lacks "federal question jurisdiction for claims against the United States or its agents if such claims arise under the Medicare Act." N.C. Ins. Guar. Ass'n v. Becerra, 55 F.4th 428, 433 (4th Cir. 2022); see Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 5 (2000). Without citing authority, Five Points responds that it has the right to appeal the MAC's dismissals in this court. See [D.E. 24] 2–3.

3

A district court may review final decisions by Medicare following a hearing under 42 U.S.C. § 405(g).[1] The parties dispute whether the MAC's dismissals of Five Points's two motions for reconsideration constitute a final agency determination on the merits subject to judicial review under 42 U.S.C. § 405(g). Compare [D.E. 23] 5 with [D.E. 24] 3.

"Where the [Social Security] Appeals Council has dismissed a request for review as untimely after a claimant has obtained a hearing from an ALJ on the merits, that dismissal qualifies as a final decision . . . made after a hearing within the meaning of § 405(g)." Smith v. Berryhill, 139 S. Ct. 1765, 1779 (2019). In Smith, the Court noted that, before the dismissal for untimeliness, petitioner received a full evidentiary hearing with findings of fact from an ALJ. See id. at 1775. Under Smith, the "key procedural threshold" in determining whether a dismissal constitutes a final decision made after a hearing within the meaning of section 405(g) is whether an ALJ held a hearing on the merits. Lane v. Azar, No. CV 19-03183, 2020 WL 3498157, at *5 (D. Md. June 29, 2020); see, e.g., Coe v. Saul, No. 19 Civ. 10993, 2020 WL 6729169, at *6 (S.D.N.Y. Nov. 16, 2020) (unpublished); Kinsley v. Saul, No. 2:19-cv-00991, 2019 WL 4858794, at *3 (W.D. Wash. Oct. 2, 2019) (unpublished); Aiken-Canty v. Saul, No. 1:18-CV-909, 2019 WL 5290532, at *3–4 (M.D. Pa. Aug. 13, 2019) (unpublished), report and recommendation adopted sub nom. Aiken-Canty v. Soc. Sec. Admin., No. 1:18-cv-909, 2019 WL 5260360 (M.D. Pa. Oct. 17, 2019) (unpublished); but see Ward v. Saul, No. 4:18-cv-01455, 2019 WL 5448598, at *3–5 (N.D. Ala. Oct. 24, 2019) (unpublished)

---

[1] 42 U.S.C. § 405(g) provides in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .

4

(holding that the district court had subject-matter jurisdiction under Smith even when there was no ALJ hearing). This court joins the chorus of courts holding that procedural dismissals without an ALJ hearing stemming from unjustified delays on the part of plaintiffs do not constitute a "final decision . . . made after a hearing" within the meaning of section 405(g). Thus, this court lacks subject-matter jurisdiction.

Alternatively even if the court had subject-matter jurisdiction in this case, the court would dismiss Five Points's complaint for failure to state a claim upon which relief can be granted. Five Points failed to timely seek reconsideration with Palmetto, allowing the 60-day deadline to expire. See Compl. ¶ 29. The ALJ and the MAC properly dismissed Five Points's appeal because Five Points missed the earlier deadline. See id. at ¶¶ 30, 44. Given the facts alleged in the complaint, Palmetto, the ALJ, and the MAC properly enforced the deadlines. Therefore, Five Points fails to plausibly allege a violation of procedural due process or that defendants acted ultra vires.

Under Mathews v. Eldrige, 424 U.S. 319, 330–31 (1976), and its progeny, courts may excuse a failure to exhaust administrative remedies when (1) the claim is collateral to the claim for benefits; (2) the claimant would be irreparably harmed, and (3) relief comports with the policies underlying the exhaustion requirement. See id.; Bowen v. City of New York, 476 U.S. 467, 482–85 (1986); Knox v. Comm'r of Soc. Sec. Admin., No. 5:08-CV-572, 2009 WL 4545168, at *1–2 (E.D.N.C. Dec. 4, 2009) (unpublished); see also Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir. 1986). Likewise, another exception to administrative exhaustion arises where "the plaintiff asserts a colorable constitutional claim that is collateral to the merits." Varandani v. Bowen, 824 F.2d 307, 310 (4th Cir. 1987) (quotations omitted). These exceptions, however, are "not [] available if a claimant alleges mere deviation" from proper administrative procedures and Bowen "emphasized exhaustion

5

is not to be excused by every allegation of irregularity in the agency proceedings." Hyatt, 807 F.2d at 378; see Bowen, 476 U.S. at 484.

Five Points's constitutional claim is not colorable, let alone plausible, and the remaining APA and ultra vires claims, at best, fall into the category of procedural irregularity claims foreclosed by Bowen. Five Points's complaint alleges that the ALJ and MAC dismissing its appeal of Palmetto's denial of the motion to reconsider constitutes a due process violation because it "threatened to deprive [Five Points] of its property interests . . . without due process of law." Compl. ¶ 52. However, the ALJ and MAC dismissal resulted from Five Points's failure to comply with requirements for a timely appeal. The appeals that the ALJ and MAC dismissed resulted from Five Points failing to file a request for consideration of Palmetto's original denial of benefits. See id. at ¶¶ 29, 44; see also id. at ¶ 31 ("the ALJ . . . issued a dismissal order of [Five Points's] request for reconsideration"), ¶ 46. Although Five Points blames the initial denial of benefits on ZPIC, Five Points's failure to timely file for reconsideration is solely attributable to Five Points. See id. at ¶ 29. Enforcing "procedural deadlines does not violate due process." Dakaj v. Holder, 580 F.3d 479, 484 (7th Cir. 2009); see Inova Alexandria v. Shalala, 244 F.3d 342, 352 (4th Cir. 2001). Thus, Five Points does not allege a colorable constitutional claim and the Matthews exception does not apply.

As for Five Points's ultra vires and APA claims, the complaint alleges that Medicare illegally sought recoupment of payments without following statutory obligations. See Compl. ¶ 57. Five Points's APA "claim" in count three references the court's statutory authority to postpone Medicare agency action and does not independently allege wrongdoing by defendants. See id. at ¶ 61. As discussed, the ALJ and MAC permissibly dismissed Five Points's request for reconsideration due to Five Points's failure to meet regulatory deadlines. Five Points fails to plausibly allege that

6

defendants patently overstepped their authority so as to support an ultra vires claim. See, e.g.,
Ancient Coin Collectors Guild v. U.S. Customs & Border Prot., 698 F.3d 171, 179 (4th Cir 2012).

Finally, "the APA does not afford an implied grant of subject-matter jurisdiction permitting
federal jurisdiction review of agency action." Califano v. Sanders, 430 U.S. 99, 107 (1977). Five
Points's APA claims do not fall into the narrow exceptions to the final decision rule. Therefore, the
court lacks subject-matter jurisdiction over Five Points's APA claims.

### III.

In sum, the court GRANTS defendants' motion to dismiss [D.E. 22] and DISMISSES the
action WITHOUT PREJUDICE for lack of subject-matter jurisdiction. The clerk shall close the
case.

SO ORDERED. This 13 day of April, 2023.

JAMES C. DEVER III
United States District Judge